IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Alexander Milledge, #340057 ) | C/A No. 6:13-2941-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Greenville County Sheriffs Office; ) | |
| Sylvia Paris Harrison, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Michael Alexander Milledge ("Plaintiff"), proceeding *pro se*, brings this civil action apparently pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the McCormick Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## Background

Plaintiff's lawsuit is based on his automobile allegedly being taken by the Greenville County Sheriff's Office after his arrest on June 27, 2007. Complaint [Doc. 1]. He alleges that Solicitor Sylvia P. Harrison served him with certain civil papers to seize his automobile, and he responded by filing a *pro se* brief. *Id.* He alleges that he was in the Greenville County Detention Center for eight months, and he did not hear anything about the seizure of his property. *Id.* He further alleges that after he was released on bond he still did not hear anything about it. *Id.* Allegedly, after he was tried and convicted of a crime, on May 16, 2013, he wrote the Greenville County Clerk of Court a letter to inquire about his automobile and the contents, and he received a response—a copy of a court order dated October 3, 2008, indicating that the civil action to seize his property had been dismissed and Greenville County Sheriff's Office was instructed to return his automobile to him. *Id.*;

Exhibit 1 [Doc. 1-1]. It appears that Sylvia Harrison had sought the 2008 state court order by filing a motion and proposed order. Exhibit 2 [Doc. 1-2]. Plaintiff alleges he had not been informed of the October 3, 2008, order to return his property until he wrote the letter to the Greenville County Clerk of Court on May 16, 2013, inquiring about it. [Doc. 1]. Thereafter, Plaintiff allegedly wrote five different letters to Sylvia Harrison to inquire about his property, but she has not responded. *Id.* For his relief, Plaintiff seeks the return of his automobile and the contents. *Id.*

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This civil action should be dismissed on the ground that it fails to state a claim on which relief may be granted because Plaintiff does not plausibly allege a violation of his federal constitutional rights. The Supreme Court has held that deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 (1986). Moreover, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989). The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005); *Yates v. Jamison*, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss.

Under South Carolina law, if Plaintiff seeks to bring a negligence claim relating to his lost property, it may be cognizable against a county under the South Carolina Tort

4

Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Thus, Plaintiff cannot pursue a claim under the South Carolina Tort Claims Act in this Court.

If Plaintiff alleges that Defendants intentionally took, or refused to return, Plaintiff's property, Plaintiff has remedies under South Carolina law to obtain relief in state court. *See Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230-31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate); *Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736, *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123, *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Accordingly, if Defendants allegedly have wrongfully and intentionally kept Plaintiff's personal property, Plaintiff has

an available state remedy—an intentional tort civil action in the South Carolina courts. Therefore, this action should be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

November 15, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).